IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                           CASE NO.: 1:12cr6-SPM

LEE CONDER JAMES,

    Defendant.
_____/

### ORDER DENYING MOTION FOR NEW TRIAL

This cause comes before the Court on Defendant's Motion for New Trial (doc. 138) and the Government response in opposition (doc. 140). A court may grant a new trial under Federal Rule of Criminal Procedure 33 "if the interest of justice so requires." Fed. R. Crim. P. 33. A new trial is not warranted in this case.

Defendant's first argument for granting a new trial concerns the sufficiency of the evidence to show Defendant's knowing and voluntary participation in the conspiracy. The evidence was sufficient to support the jury's verdict. The evidence showed that Defendant maintained a warehouse with Jankowski and Williams for several months. Defendant would often make rent payments for the warehouse with money given to him by co-defendant Williams. Williams gave Defendant additional money beyond the rent payment for his work at the warehouse.

Although the warehouse was rented for a furniture business, the evidence showed that its main purpose was to receive large crates that were shipped once a month from Arizona by FedEx freight. The crates were labeled as marble slabs. Defendant was responsible for offloading the crates from the FedEx truck into the warehouse. With the warehouse door closed, indicating that he was hiding his activity, Defendant would open the crates and load the contents into a van for transport. It was readily apparent that the crates did not contain any marble slabs, as they contained wrapped bales of material weighing approximately 20 pounds each. Williams testified that at first he did not advise Defendant that the warehouse was being used to receive shipments of marijuana. Williams stated, however, that he eventually told Defendant that the crates contained marijuana.

Given all of the circumstances, the jury could reasonably conclude that Defendant was aware that the warehouse was being used to receive shipments of marijuana and that he knowingly and willfully received the shipments to aid in the conspiracy to distribute the marijuana. The evidence was sufficient to support the jury's verdict against Defendant on the conspiracy charged in Count I and the possession charged in Count II.

Defendant's second argument for a new trial is directed to the Government's closing argument. Defendant contends that the Government referred to facts not in evidence when it argued that Williams trial testimony was consistent with the statements Williams made to Agent Devinny upon his arrest.

CASE NO.: 1:12cr6-SPM

Defendant contends that Agent Devinny never testified to the substance of Williams's statements upon his arrest. Although the Court does not recall the precise trial testimony given by Agent Devinny, based on the testimony given by Williams on redirect examination that he began cooperating immediately upon his arrest and told Agents Griffiths and DeVinny about his involvement and his co-defendants' involvement in the drug activities, the Government's closing argument presents a reasonable inference from the evidence. See United States v. Braithwaite, 709 F.2d 1450, 1456 (11th Cir. 1983) (prosecutor may make arguments based on reasonable inferences to be drawn from trial evidence).

Assuming, however, that the Government's argument was not based on the evidence presented at trial, the Court instructed the jury at the beginning of the case and again before deliberations that what the lawyers say is not evidence. The Court also instructed the jury that it is their own individual and collective recollection of the evidence that controls.

Given all of the circumstances, the Court finds that there are no grounds that would warrant granting a new trial in this case. Accordingly, it is

ORDERED AND ADJUDGED: Defendant's Motion for New Trial (doc. 138) is denied.

DONE AND ORDERED this 5th day of September, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

CASE NO.: 1:12cr6-SPM