IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.:    1:12cr06/MW/GRJ
                                                     1:15cv42/MW/GRJ

LEE CONDER JAMES

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion under 28
U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in
Federal Custody" and Memorandum of Law in Support thereof (ECF No.
252) and the Government's Response thereto. (ECF No. 254.) The case
was referred to the undersigned for the issuance of all preliminary orders
and any recommendations to the district judge regarding dispositive
matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED.
R. CIV. P. 72(b). After a review of the record and the arguments presented,
the Court concludes that Petitioner has not raised any issue requiring an
evidentiary hearing and that the § 2255 motion should be denied. *See*
Rules 8(a) and (b) Governing Section 2255 Cases.

# I. BACKGROUND

On February 9, 2012, Petitioner was ordered detained based on a criminal complaint and affidavit. (ECF Nos. 1, 2, 13, 18.) On February 29, 2012, a grand jury returned a four-count indictment charging Petitioner under two counts with conspiracy to distribute and possess with intent to distribute 1,000 (one-thousand) kilograms or more of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A)(vii), and 846 ("Count One") and possession with intent to distribute 100 (one-hundred) kilograms or more of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) ("Count Two") on a date certain. (ECF No. 37.) Attorney Aaron Robert Baker was appointed to represent Petitioner (ECF No. 16.) However, Petitioner subsequently substituted Baker with attorney Nick George Zissimopulos. (ECF No. 56.)

The Government filed an Information and Notice of Intent advising of its intent to seek enhanced penalties due to Petitioner's prior conviction for a felony drug offense. (ECF No. 45.) Trial commenced on July 30, 2012, and the jury returned a verdict on August 1, 2012. (ECF No. 130.) The jury

convicted Petitioner of Count One only and found that the offense conduct involved 1,000 (one-thousand) pounds or more of marijuana, as charged in the indictment. *Id.* Counsel for Petitioner filed a Motion for a New Trial on August 13, 2012 (ECF No. 138), but the Motion was denied on September 5, 2012. (ECF. No. 148.)

The Final Presentence Investigation Report ("PSR") reflected that Petitioner had a base offense level of 34. (ECF No. 160, PSR ¶ 101.) Petitioner's criminal history category was II. *Id.* The applicable guidelines range was 168 to 210 months. *Id.* However, because the statutorily required minimum sentence was greater than the maximum of the applicable guidelines range, the applicable guidelines range became 240 months. *Id.* The court sentenced Petitioner to 240 months of imprisonment, a ten-year term of supervised release, and a $100 Special Monetary Assessment on November 7, 2012, and entered judgment the following day on November 8. (ECF No. 170.)

Petitioner filed an appeal to the Eleventh Circuit Court of Appeals, arguing that (1) the evidence supporting his conviction was insufficient, and (2) the court procedurally erred in imposing the mandatory minimum

sentence by relying on the jury's special verdict for drug quantity without conducting further fact finding. The Eleventh Circuit issued a written opinion affirming the verdict on September 16, 2013 (ECF No. 222), and issued a mandate on October 16, 2013. (ECF No. 223.) On June 9, 2014, the United States Supreme Court denied Petitioner's Motion for Certiorari. (ECF No. 252.)

## II. ANALYSIS

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section 2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if

condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a Section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under Section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or

couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under Section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a Section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a Section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.

Case Nos.: 1:12cr06/MW/GRJ; 1:15cv42/MW/GRJ

A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, a court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the

defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United*

*States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*,

218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to

be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218

F.3d at 1314. When reviewing the performance of an experienced trial

counsel, the presumption that counsel's conduct was reasonable is even

stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d

at 1316 n.18.

 With regard to the prejudice requirement, a defendant must establish

that, but for counsel's deficient performance, the outcome of the

proceeding would have been different. *Strickland*, 466 U.S. at 694. "The

likelihood of a different result must be substantial, not just conceivable."

*Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S.

at 693). For a court to focus merely on "outcome determination," however,

is insufficient; "[t]o set aside a conviction or sentence solely because the

outcome would have been different but for counsel's error may grant the

defendant a windfall to which the law does not entitle him." *Lockhart v.

Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*,

611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish

"that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether

some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and

records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### B. Petitioner's Ground One

In his first ground for relief, Petitioner alleges trial counsel rendered ineffective assistance for failing to file a pre-trial motion challenging the sufficiency of the indictment. (ECF No. 252 at 2.) According to Petitioner, the grand jury failed to return the indictment in open court as required by Rule 6(f) of the Federal Rules of Criminal Procedure. *Id.* Further, Petitioner claims the redaction of the foreperson's signature on the indictment was a "ruse" intended to conceal the fact that the foreperson never signed the indictment and the grand jury never approved the charges against him. *Id.* As a result, Petitioner alleges, the court did not have jurisdiction to try or sentence Petitioner, and his Fifth Amendment Rights were violated. *Id.* at 2-3. Petitioner alleges counsel's failure to object to the indictment resulted in prejudice because no grand jury would have returned an indictment against Petitioner based only on the facts asserted in the complaint. *Id.* at 3.

The record belies Petitioner's contention that a violation in grand jury procedure occurred. "An indictment regular on its face . . . carries with it a strong presumption of validity." *Ward v. United States*, 694 F.2d 654, 658

(11th Cir. 1983). The signature of the grand jury foreperson on an indictment constitutes an attestation to the act of the grand jury. *Id.*; s*ee United States v. Michael*, 180 F.2d 55, 56 (3d Cir. 1950) ("When the grand jury has found an indictment to be a true bill and has completed its action thereon by returning the indictment, duly endorsed as a true bill by its foreman, to the district court in open session, its function has been fulfilled.").

Here, the record demonstrates the grand jury returned the indictment in open court on February 29, 2012. (ECF No. 38.) The record further reflects the foreperson signed the indictment and indicated it was a true bill. The indictment was sealed and placed in the record. *Id.* An unsealed version of the indictment with the foreperson's name redacted was also entered into the record. (ECF No. 37.) Petitioner has not alleged specific facts that any procedural regularities were not followed. Instead, he provides only his conclusory, self-serving allegations to the contrary. *See Ward*, 694 F.2d at 658-59 (rejecting Section 2255 movant's "unsubstantiated claim that [his] indictment was not submitted to the grand jury," where indictment was properly signed and there was "no credible

Case Nos.: 1:12cr06/MW/GRJ; 1:15cv42/MW/GRJ

evidence to indicate" any irregularity).

Counsel does not render ineffective assistance for failing to raise issues clearly lacking merit. Because Petitioner cannot establish any irregularity in the grand jury procedure, he cannot establish his counsel was ineffective for failing to challenge the indictment on those grounds. Accordingly, Petitioner fails to establish counsel's performance was deficient and that he was prejudiced thereby. As such, Petitioner has not carried his burden of demonstrating that counsel was constitutionally ineffective under *Strickland.*

### C. Petitioner's Ground Two

Petitioner next asserts the court erred in relying on the jury's finding as to the quantity of marijuana attributable to Petitioner and should have instead made an "individualized assessment" as to the quantity upon further fact-finding. (ECF No. 252 at 4-7.) Petitioner alleges the jury's finding as to the quantity was based on the "incredible" trial testimony of James Williams, who testified that Petitioner knew the incoming shipments he helped unload contained marijuana.

The law is well established that a district court need not reconsider an

issue that has been decided adversely to a defendant on direct appeal. In his appeal to the Eleventh Circuit Court of Appeals, Petitioner argued the trial court procedurally erred in imposing the mandatory minimum sentence by relying on the jury's special verdict for drug quantity without conducting further fact finding. (ECF No. 222 at 3.) Finding no plain error in the sentencing court's reliance on the jury's drug quantity finding, the Eleventh Circuit found that "the district court did not rely on a generalized finding of the drug amount attributable to the conspiracy as a whole, but rather it relied on a jury finding as to the amount of drugs attributable specifically to James." *Id.* at 8. The Eleventh Circuit further rejected Petitioner's claim that his codefendant's testimony was not credible. *Id.* at 5-6.

Accordingly, because this issue was raised and decided adversely to Petitioner on direct appeal, Petitioner is precluded from raising it in the instant Section 2255 motion.

### D. Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. Petitioner has failed to do so here. Accordingly, his request for an evidentiary hearing is denied.

Case Nos.: 1:12cr06/MW/GRJ; 1:15cv42/MW/GRJ

## III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has not shown that he is entitled to Section 2255 relief. Nor has he shown that an evidentiary hearing is warranted. Therefore, Petitioner's motion should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 1:12cr06/MW/GRJ; 1:15cv42/MW/GRJ

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.     The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 252) should be **DENIED**.

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 9th day of August, 2017.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy**

Case Nos.: 1:12cr06/MW/GRJ; 1:15cv42/MW/GRJ

of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.